## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID BRIAN MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-1067-D |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>O R D E R</u>

This matter comes before the Court for review of the Report and Recommendation issued January 5, 2022, by United States Magistrate Judge Shon T. Erwin under 28 U.S.C. § 636(b)(1)(B) and (C).   Upon initial screening of the Complaint, Judge Erwin finds that Plaintiff brings a civil rights action under 42 U.S.C. § 1983, *Bivens*,[1]  and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), but he also makes allegations that challenge the validity of a criminal conviction and seeks relief available only under 28 U.S.C. § 2254. Judge Erwin further finds that any habeas claim is a second or successive petition for which the Court lacks jurisdiction because Plaintiff did not obtain prior authorization as required by 28 U.S.C. § 2244(b), and that the civil rights and FTCA claims fail because Plaintiff's allegations do not state any claim upon which relief may be granted.   Judge Erwin thus recommends that the Complaint should be dismissed without prejudice and that Plaintiff's motion to transfer venue and to add defendants should be denied.

---

[1]  *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

Plaintiff, who appears *pro se*, has filed a timely Objection [Doc. No. 20]. Thus, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Liberally construing the Objection,[2] the Court finds no basis to disagree with Judge Erwin's findings and conclusions. Plaintiff does not address any of the reasons why this case cannot go forward and must be dismissed, as ably explained by Judge Erwin. Upon *de novo* review, the Court fully concurs in Judge Erwin's analysis of the legal issues presented by the Complaint and finds that the case should be dismissed without prejudice for lack of jurisdiction and failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 19] is **ADOPTED** in its entirety. This action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). A separate judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer Venue Back to the U.S. District Court for the District of Columbia and Motion to Add Defendants [Doc. No. 15] is **DENIED**.

---

[2] In federal court, "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but "the district court cannot assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

**IT IS SO ORDERED** this 26th day of January, 2022.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge